UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAD PAUL TRAHAN                                    CIVIL ACTION

VERSUS                                             NO. 19-10875

SHERIFF JERRY LARPENTER ET AL.                     SECTION "M" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Chad Paul Trahan, is a prisoner incarcerated in the Terrebonne Parish Criminal Justice Complex ("Terrebonne") in Houma, Louisiana. Trahan filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Terrebonne Parish Sheriff Jerry J. Larpenter and his employees, Sgt. J. Escabar, Lt. T. Schwausch and Major Steven Bergeron. Plaintiff alleges that while incarcerated in Terrebonne, he "reported a burglary at my home an[d] was told nothing they can do about it [be]cause I was an inmate." Record Doc. No. 1 (Form Section 1983 Complaint at ¶ IV). He alleges that he reported the burglary for the first time on February 22, 2019, then again on March 10 and April 10, 2019, when he reported it to Sgt. Escabar. Id. He alleges that he later "talked to Lt. Theriot, an[d] he said him, Escabar an[d] the suspects graduated together." Id. Theriot seeks payment for his losses and for "my rights being abused," together with release from jail "so I can be able to take care" of the problem. Id. at ¶ V.

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners and by others proceeding in forma pauperis must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint should be dismissed under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim of violation of constitutional rights, even under the broadest reading.[1]

---

[1]The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

II.    NO CONSTITUTIONAL RIGHT TO POLICE INVESTIGATION

Plaintiff's attempt to assert a claim against the sheriff and his deputies for allegedly failing to pursue an investigation or criminal charges warrants after he provided them with information about the alleged burglary of his home fails to state a claim cognizable under Section 1983. I know of no basis in the Constitution and in case law on which a citizen may pursue a Section 1983 claim against a law enforcement officer for action taken or not taken in this factual context. At most, Trahan asserts some sort of state law malfeasance action against the law enforcement officers, which must be pursued in state court, not in a federal Section 1983 action.

The victim of a crime has no constitutionally protected interest in the prosecution or pursuit of a perpetrator. Bio-Rep, Inc. v. Johnson, No. 93-0176, 1994 WL 424338, at *2-*3 (E.D. La. Aug. 4, 1994) (Livaudais, J.) (citing DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 1003-04 (1989)); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); McClendon v. City of Columbia, 258 F.3d 432, 436 (5th Cir. 2001). A private citizen, such as Trahan, has no constitutional right to have criminal charges investigated or brought against another individual. Lewis v. Jindal, 368 F. App'x 613, 614 (5th Cir. 2010). Instead, the decision whether to file or pursue criminal charges against an individual lies within the official jurisdiction of law enforcement officers and the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution. Lewis, 368 F. App'x at 614 (citing Linda R.S. v. Richard

D., 410 U.S. 614, 619 (1973)); see also Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990)

("Contrary to Oliver's contention, he does not have a constitutional right to have

someone criminally prosecuted."); Amir-Sharif v. District Attorney's Office of Dallas

County, 281 F. App'x 413 (5th Cir. 2008) (private citizens have no constitutional right

to press criminal charges). Law enforcement officers's "decision to pursue a criminal

investigation is a discretionary one." Bio-Rep, Inc., 1994 WL 424338, at *4.

III.   MERE NEGLIGENCE

Under these circumstances, plaintiff at best asserts a state law tort or negligence

claim, if that, not a claim of civil rights violations cognizable under Section 1983.

Claims arising from allegedly negligent acts do not give rise to relief under Section 1983.

The Supreme Court has held that "the Due Process Clause is simply not implicated by

a negligent act of an official causing unintended loss or injury to life, liberty or property."

Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347

(1986). In a number of contexts, other courts have determined that allegations amounting

to mere negligence cannot support a Section 1983 claim. Mendoza v. Lynaugh, 989 F.2d

191, 195 (5th Cir. 1993) (negligent medical care); Hare v. City of Corinth, 74 F.3d 633,

641-42, 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim

under Section 1983); Eason v. Thaler, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence

cannot support Section 1983 action for deprivation of religious rights or for an Eighth

Amendment claim based upon prison officials' alleged gross negligence in permitting a

gas leak to occur); <u>Doe v. Taylor Indep. Sch. Dist.</u>, 975 F.2d 137, 142 (5th Cir. 1992), <u>vacated on other grounds</u>, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a <u>constitutional</u> tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.").

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

---

[2]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this ____14th____ day of June, 2019.

_____

JOSEPH C. WILKINSON, JR.

UNITED STATES MAGISTRATE JUDGE